IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cr-00311-CMA-KMT
      (Civil Action No. 07–cv–02656–CMA)


UNITED STATES OF AMERICA

      Plaintiff,

v.

FREDERICK OLUWOLE SOLARIN,

      Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Kathleen M. Tafoya**
**United States Magistrate Judge**

This case comes before the court on Defendant's Motion to Vacate, Set Aside, or Correct

Sentence Pursuant to 28 U.S.C. § 2255 ("Motion") (Doc. No. 128, filed December 20, 2007).

Pursuant to the Order of Reference dated November 14, 2008 (Doc. No. 151), this court has

reviewed the Motion, Respondent's Response ("Response") (Doc. No. 134, filed March 12,

2008), Defendant's Traverse ("Traverse") (Doc. No. 136, filed March 21, 2008), the pertinent

parts of the trial and appellate court record, the case file, and the applicable law, and is

sufficiently advised to recommend that Defendant's Motion be DISMISSED WITH

PREJUDICE.

## I.      BACKGROUND

Defendant is currently incarcerated at the United States Penitentiary in Florence,

Colorado.  (Motion at 8.)  On June, 27 2005, several men, disguised in hats and bandannas and

carrying fire arms, robbed a U.S. Bank in Aurora, Colorado, at gunpoint, taking $26,000 in cash.

*United States v. Solarin,* 250 F. App'x 887, 888 (10th Cir. 2007).  Later that same day,

Defendant and a friend, both wearing brand-new clothes with price tags still on, went to a Spring

kiosk where Defendant purchased a cell phone, paying out of a wad of cash containing many

hundred-dollar bills.  *Id.*  His friend also displayed a large wad of bills.  *Id.*  Defendant was not

interested in any rebates, a circumstance that the salesman found suspicious.  *Id.*  As part of the

transaction, the salesman photocopied Defendant's driver's license.  *Id.*  That evening the

salesman learned of the bank robbery from a television newscast.  *Id.*  Suspecting that his

customers were involved, he promptly notified the FBI.  *Id.*

On June 30, 2005, Defendant was arrested by state authorities for violating his parole.

(Trial Tr. at 318.)  On July 1, 2005, Special Agents Jonathan Grushing and Jake Delap

questioned Defendant while he was in state custody at the Denver City Jail.  (*Id.* at 250-51.)  At

that time, Defendant confessed to the bank robbery, identifying himself as one of the robbers in

the surveillance photos of the robbery, and also identifying a revolver recovered from his home

as the gun used in the robbery.  (*Id.* at 253.)

On July 1, 2005 Special Agent Grushing obtained a complaint for the arrest of

Defendant. (Feb. 23, 2006 Mot. Hr'g Tr. at 36.)  Defendant  was taken into federal custody on

July 5, 2005.  (*Id.*)  Upon being transported to federal custody, Defendant informed the federal

agents that he had more information regarding the robbery and wanted to clarify statements he

had made earlier.  (*Id*. at 36–37.)  Defendant told the agents that he played a different role in the

robbery than he originally admitted to and gave more detail of what happened before and after

the robbery as well.  (*Id.* at 39.)

On July 11, 2005, Defendant was indicted on one count of Armed Bank Robbery and

Aiding and Abetting under 18 U.S.C.. § 2113 and one count of Using or Carrying a Firearm

During and in Relation to a Crime of Violence and Aiding and Abetting under 18 U.S.C. § 924.

Defendant was found guilty on both counts after a three-day jury trial.  (Trial Tr. at 428.)  On

September 26, 2006, Defendant was sentenced to 244 months in prison.

Defendant appealed his conviction to the Tenth Circuit Court of Appeals, claiming that

(1) the District Court erred in allowing Respondents to present evidence of Defendant's prior

robbery convictions, and (2) Respondents failed to present sufficient evidence for the jury to

convict Defendant.  Opening Brief, *United States v. Solarin,* 250 F. App'x 887 (10th Cir. 2007).

On, October 12, 2007, the Court of Appeals affirmed Defendant's conviction.  *Solarin,* 250 F.

App'x at 888.

Defendant filed his present Motion to Vacate on December 12, 2007, claiming that (1)

his Fourth Amendment rights were violated when he was arrested without a warrant and without

probable cause, (2) his conviction was obtained by the use of an involutary confession following

an illegal arrest, and (3) his trial counsel rendered ineffective assistance of counsel by not

effectively challenging the voluntariness of his confession.

## II.    LEGAL STANDARDS

### A.    Pro Se Defendant

Defendant is proceeding *pro se*.  The court, therefore, "review[s] his pleadings and other

papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."

*Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  *See also*

*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to

less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's

"conclusory allegations without supporting factual averments are insufficient to state a claim

upon which relief can be based."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  A

court may not assume that a Defendant can prove facts that have not been alleged, or that a

defendant has violated laws in ways that a Defendant has not alleged.  *Associated Gen.*

*Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  *See also*

*Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply

additional factual allegations to round out a Defendant's complaint"); *Drake v. City of Fort*

*Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or

theories for the Defendant in the absence of any discussion of those issues").  The Defendant's

*pro se* status does not entitle him to application of different rules.  *See Montoya v. Chao*, 296

F.3d 952, 957 (10th Cir. 2002).

### B.    28 U.S.C. § 2255

28 U.S.C. § 2255 entitles a prisoner to relief "[i]f the court finds that the judgment was

rendered without jurisdiction, or that the sentence imposed was not authorized by law or

otherwise open to collateral attack, or that there has been such a denial or infringement of the

constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28

U.S.C. § 2255(a).  To warrant relief under § 2255, the errors of which the defendant complains

must amount to a fundamental miscarriage of justice.  *Davis v. U.S.*, 417 U.S. 333, 346 (1974);

*Hill v. U.S.*, 368 U.S. 424, 428 (1962).  The court must hold an evidentiary hearing on a section

2255 motion '[u]nless the motion and files and records of the case conclusively show that the

prisoner is entitled to no relief.'"  *United States v. Galloway,* 56 F.3d 1239, 1240, n. 1 (10th Cir.

1995) (quoting 28 U.S.C. § 2255(b)).  A court need not grant an evidentiary hearing where the

factual allegations are contradicted by the record, inherently incredible, or when they are

conclusions rather than statements of fact.  *Arredondo v. United States*, 178 F.3d 778, 782 (6th

Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); see also *United

States v. Sanchez*, 105 F.3d 670, 1997 WL 8842, *3 (10th Cir.1997) (table opinion)

("[D]efendant's conclusory allegations . . . which contradict the record made at the plea hearing,

were insufficient to require an evidentiary hearing.").

### III.    ONE-YEAR LIMITATION PERIOD FOR FILING MOTION TO VACATE

Respondent does not challenge the timeliness of the Motion under the one-year limitation

period set forth in 28 U.S.C. § 2255(f).

### IV.    PROCEDURAL BAR

Respondent maintains that all of Defendant's claims are procedurally barred before this

court because they were raised or could have been raised on direct appeal.  (Response at 16.)

Ordinarily, "[s]ection 2255 is not available to test the legality of matters that should have been

raised on direct appeal."  *United States v. Walling,* 982 F.2d 447, 448 (10th Cir. 1992) (citing

*United States v. Khan*, 835 F.2d 749, 753 (10th Cir. 1987)).  The procedural bar applies to

§ 2255 motions filed "after society's legitimate interest in the finality of the judgment has been

perfected by the expiration of the time allowed for direct review or by affirmance of the

conviction on appeal." *United States v. Frady*, 456 U.S. 152, 162-67 (1982).  Defendant's failure

to raise a claim in his direct appeal will bar this court's review unless he can show cause and

resulting prejudice.  *Walling,* 982 F.2d at 448*. See also United States v. Frady*, 456 U.S. 152,

167-69 (1982) (defendant must show cause and prejudice to obtain collateral review where there

was no objection at trial).

Additionally, absent an intervening change in the law of a circuit, issues disposed of on

direct appeal generally will not be considered on a collateral attack by a motion pursuant to

§ 2255.  *United States v. Nolan*, 571 F.2d 528, 530 (10th Cir.1978).  Therefore, absent special

circumstances, this court will not consider claims that were properly brought and rejected on

direct appeal.

### A.      *Third Claim*

The court first summarily rejects Respondent's argument that Defendant's third

claim—which alleges that his trial counsel was ineffective in contesting the admissibility of his

confession—is procedurally barred here.  "Ineffective assistance of counsel claims should be

brought in collateral proceedings, not on direct appeal" and, in fact, "[s]uch claims brought on

direct appeal are presumptively dismissible, and virtually all will be dismissed." *United States v.*

*Galloway,* 56 F.3d 1239, 1240 (10th Cir. 1995).  Because ineffective assistance of counsel

claims require that "[a] factual record must be developed in and addressed by the district court in

the first instance for effective review" they are more properly addressed on collateral review.  *Id*.

Accordingly, because claims alleging ineffective assistance of counsel are a well-established

exception to the rule that a claim must be raised on direct appeal to be raised in a § 2255 motion, Defendant's third claim is not procedurally barred before this court.

### B.      First Claim

Defendant's concedes that his first claim—which alleges that he was initially arrested without a warrant and without probable cause—is procedurally barred before this court because he failed to raise such a claim on direct appeal.  However, Defendant instead sets forth two arguments as to why there was cause for his failure to raise this claim on direct appeal.

First, Defendant maintains that his first claim should not be procedurally barred before this court because the evidence on this claim was not discovered until after he brought his direct appeal.  (Traverse at 2.)  Discovery of new evidence may constitute cause for a failure to raise a claim on direct appeal. *Gourdeau v. Ray,* 166 F.3d 347 (10th Cir. 1998).  However, Defendant sets forth only conclusory allegations that the evidence supporting his first claim "did not fully develop until May 29, 2007 and again on August 15, 2007."  (Traverse at 2.)  Defendant does not provide any factual support, and the court cannot otherwise ascertain, as to why the evidence supporting this claim had not yet come to fruition at the time of his direct appeal.  Consequently, the court finds that, insofar as Defendant maintains that a lack of developed evidence caused his failure to raise his first claim on direct appeal, Defendant has not made a sufficient showing of cause that would exempt his first claim from being procedurally barred before this court.

Defendant alternatively argues in his Traverse that any failure to raise his first claim before the Court of Appeals was caused by his appellate counsel's ineffectiveness in not "properly litigating the matter" and consequently "asks for leave to amend" to add a claim of ineffective assistance of his appellate counsel. (*Id.*)  Thereafter, Defendant filed a Supplement to

Motion to Vacate (Doc. No. 139, filed June 11, 2008) within which he seeks further leave to

amend his Motion to add a claim that the Federal Public Defenders initially appointed to his case

rendered ineffective assistance of counsel by failing to contest his detention.

Habeas Corpus, Rule 11 permits application of the Federal Rules of Civil Procedure in

habeas cases "to the extent [the civil rules] are not inconsistent with any statutory provisions or

[the habeas] rules."  Defendant's supplemental claims are entirely new claim under § 2255 that

were not previously raised by him in this court at any time before the government filed and

served its responsive pleading to the defendant's original § 2255 motion.  Accordingly,

Defendant's original § 2255 motion may be amended by the addition of the new claim only by

leave of the court upon a determination that "justice so requires."  Fed.R.Civ. P.15(a).

Defendant's supplemental claims are not barred by the one-year statute of limitations set forth in

28 U.S.C. § 2255(f).  *See U.S. v. Prows*, 448 F.3d 1223, 1227 (10th Cir. 2006).  Accordingly,

this court will consider the additional claims.

Ineffective assistance of counsel may constitute cause for a procedural default.  *Murray*

*v. Carrier*, 477 U.S. 478 (1986); *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).  To establish

ineffectiveness of counsel, Defendant must show (1) that his counsel's actions fell below an

objective standard of reasonableness, and (2) that the attorney's conduct prejudiced the

proceedings such that, but for counsel's errors, the outcome of the proceedings would have been

different.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  "Counsel is strongly presumed

to have rendered adequate assistance and made all significant decisions in the exercise of

reasonable professional judgment."  *Id.* at 690.  For counsel's performance to be constitutionally

ineffective, "it must have been completely unreasonable, not merely wrong."  *Boyd v. Ward*, 179

F.3d 904, 914 (10th Cir. 1999).  It is the defendant's burden to overcome the presumption that

counsel's assistance was sound strategy under the circumstances.  *Id*.

Defendant's appellate counsel erred in concluding that a § 2255 motion, rather that a

claim on direct appeal, was the proper means by which to contest the validity of his arrest.

However, "when a defendant alleges that his appellate counsel rendered ineffective assistance by

failing to raise an issue on appeal, [the court] examine[s] the merits of the omitted issue" and not

the decision to omit the issue.  *United States v. Cook*, 45 F.3d 388, 392 (10th Cir.1995).  If the

omitted issue itself has no merit, then Defendant cannot have been prejudiced by his appellate

counsel's failure to raise the issue on direct appeal.

Defendant's first claim is convoluted, but mostly appears to challenge his initial arrest by

state authorities on June 30, 2005.  More specifically, Defendant argues that the Colorado

authorities "were acting as mere puppets or handmaidens" of the federal government and as such

his initial arrest was, in reality, a federal arrest, which lacked probable cause.  In support of this

argument, Defendant points to the fact that, although he was originally arrested by state

authorities for a parole violation, the state gave priority to the federal prosecution because

"nothing could happen" on the state parole violation proceedings "until [Defendant] was found

guilty" in the federal case.  (Motion at 5.)  Defendant also supports his claim by pointing out that

soon after he was arrested by state authorities, FBI agents conducted a search of Defendant's

home, with the consent of his parents, which yielded the gun and clothing used in the robbery,

and then later, while he was in state custody, FBI agents questioned Defendant and obtained his

confession.  Thus, in effect, Defendant claims that because his state parole violation proceedings

took a back seat to the federal robbery prosecution, and because otherwise the state and federal

investigations overlapped, his initial arrest was in fact a federal arrest, for which the FBI did not have probable cause.

Defendant, however, has not pointed to any case, nor can this court otherwise find any authority, that supports his position that a collusive working arrangement between federal and state authorities may effectively convert a state arrest into a federal arrest for which federal authorities must show probable cause. Concededly, under very limited circumstances, an improper working relationship between state and federal authorities may require that federal authorities bring a defendant before a United States Magistrate Judge for arraignment pursuant to Fed. R. Crim. P. 5(a). *United States v. Chadwick,* 415 F.2d 167, 171 (10th Cir. 1969) (further noting that, at the time, only one court had excluded evidence because of an improper working arrangement between state and federal authorities). However, no court has ever extended *Chadwick* to required that federal authorities show independent probable cause for an initial state arrest where it was the result of an improper working relationship between the state and federal authorities. Consequently, Defendant has failed to demonstrate any likelihood of success on his first claim, and, therefore, has failed to satisfy his burden of rebutting the strong presumption that his appellate and trial counsel's strategy was sound under the circumstances. Accordingly, the court finds that Defendant has failed to demonstrate cause for his failure to challenge his arrest on direct appeal, and therefore finds that Defendant's first claim is procedurally defaulted before this court.

## C.    *Second Claim*

Turning lastly to Defendant's second claim, Respondent initially appears to concede that Defendant argued on direct appeal that his confession was inadmissible, and further

acknowledges that the Tenth Circuit Court of Appeals indeed addressed this claim in its opinion. (Response at 16.) However, Respondent goes on to posit that Defendant "weakly raised the issue" by only arguing that the admissibility of his confession was "questionable," and that therefore pursuant to the "law of the case" it was not sufficiently raised to survive procedural bar here. *(Id.)*  This court finds that Defendant sufficiently raised a claim that his confession was improperly admitted on direct appeal.  In his opening brief before the Tenth Circuit, Defendant briefly argued, as part of his larger claim that there was insufficient evidence for the jury to convict him, that his confession was "questionable."  Opening Brief at 18, *Solarin,* 250 F. App'x 887.  Consequently, in affirming Defendant's conviction, the Tenth Circuit addressed the validity of his confession, holding that because Defendant had not moved to suppress his confession, he could not challenge its validity on appeal.  *Solarin,* 250 F. App'x at 891.  This court will not question the Tenth Circuit's decision to address Defendant's argument that his confession was inadmissible on appeal.  Consequently, this court finds this determination by the Tenth Circuit to be dispositive of whether such a claim was raised on direct appeal. Accordingly, the court finds that Defendant's second claim is not procedurally barred before this court.

Lastly, Respondent maintains that this court may not consider Defendant's second claim because it was raised and rejected on direct appeal.  In addressing Defendant's second claim on direct appeal, the Tenth Circuit held that Defendant could not attack the admissibility of his confession because he did not "move to suppress his confession or otherwise challenge its voluntariness before or during trial."  *United States v. Solarin,* 250 F. A'ppx 887, 891 (10th Cir. 2007).  However, this court finds the Court of Appeals' conclusion that Defendant never

challenged the admissibility of his confession to be erroneous.  On February 23, 2006, the

district court held a motion hearing to address, amongst other issues, Defendant's motion to

suppress statements.  *See* Mot. Hr'g Tr. at 4; *See also* Motion to Suppress Statements, Doc. No.

39, filed January 5, 2006.  Consequently, the court declines its discretion to dismiss Defendant's

second claim because it had raised and addressed the issue on direct appeal in order to properly

address Defendant's second claim on the merits.

## V.      ANALYSIS ON THE MERITS

### A.       Second Claim–Conviction Based on "Involuntary Confession"

Defendant's second claim alleges that his conviction was obtained by use of an

involuntary confession following an illegal arrest.  (Motion at 5.)  More specifically, Defendant

alleges that his confession was involuntary because he was held "in custody 9 hours

incommunicado," that the federal agents' questioning "forced [Defendant] to believe he was in

more trouble than he actually was" and that "if he didn't cooperate with the government they

would make it harder for him in the state with his parole."  (*Id.* at 5.)  Lastly, Defendant also

alleges that even if his confession was otherwise voluntary, it should still have been suppressed

because it was given during an illegal detention following an illegal arrest.  (*Id.*)

To the extent that Defendant claims that his confession was inadmissible because his

arrest was illegal, as discussed above, he did not contest the legality of his arrest on direct

appeal, and therefore such a claim is procedurally barred before this court.  Otherwise,

construing Defendant's second claim liberally, the court finds that, in alleging that his confession

was "given during an illegal detention," Defendant argues that his Fed. R. Crim. P. 5(a) rights

were violated because, due to an improper relationship between state and federal authorities, he

was detained by state authorities to circumvent the Rule 5(a) requirement that he be brought

without delay before a United States Magistrate Judge for advisement.  "The courts have been

careful not to unduly interfere with cooperative activities of state and federal law enforcement

officers."  *United States v. Chadwick,* 415 F.2d 167, 171 (10th Cir. 1969).  As such, generally it

is not improper for federal authorities to interview defendants in state custody before they are

arrested on a federal warrant.  *Hayes v. United States,* 419 F.2d 1364, 1367 (10th Cir. 1969).

Nonetheless, in very limited circumstances "[w]here a custom and practice is established that

local officers invariably release accused persons arrested by them to federal officers for

prosecution, and no state charge is generally made against such accused, statements and

confessions taken under such circumstances clearly fall within the ambit of Rule 5(a)."

*Chadwick,* 415 F.2d at 171 n.7 (quoting *United States v. Tupper*, 168 F. Supp. 907 (W.D. Mo.

1958)).  The burden is on the defendant to show that state custody was designingly utilized to

circumvent Rule 5(a).  *Id.*  "A bare suspicion that there was cooperation between the two

agencies designed to deny fundamental rights is not sufficient" to justify relief.  *United States v.*

*Ireland,* 456 F.2d 74, 77 (10th Cir. 1972).

      Outside of conclusory allegations that the local authorities "were at the mercy of the

FBI" and that he "was held for the advantage and convenience of the FBI," Defendant's only

support for an allegedly improper working relationship between state and federal authorities is

the fact that state authorities abstained from proceeding on Defendant' parole violations—the

basis for his original detention—until after Defendant was convicted of robbery in federal court.

(Motion at 5.)  However, unlike the few cases that have found a collusive relationship between

state and federal authorities, Defendant was indeed charged with, and ultimately convicted of,

violating his parole in state court.  (*See* Motion at 11.)  Accordingly, the court finds that

Defendant has not demonstrated that his arrest was conducted in a manner designed to

circumvent Rule 5(a) to warrant invalidating his confession.

To the extent that Defendant argues that his confession was inadmissible because it was

coerced and not a result of his "own free will," the court finds this argument to be groundless.

To be admissible under the Due Process Clause of the Fourteenth Amendment, a defendant's

statements to police must have been "made freely, voluntarily and without compulsion or

inducement of any sort."  *Nickel v. Hannigan*, 97 F.3d 403, 410 (10th Cir. 1996) (citing *Haynes*

*v. Washington*, 373 U.S. 503, 513 (1963)).  "[T]o conclude that a confession is involuntary under

the Due Process Clause of the Fourteenth Amendment, [the court] must find that it was the result

of 'coercive police activity.'"  *Id.* (quoting *Colorado v. Connelly,* 479 U.S. 157, 167 (1986)).

Such conduct includes any sort of threats or violence, any direct or implied promises, and the

exertion of any improper influence.  *Brady v. United States*, 397 U.S. 742, 753 (1970).

Altogether, voluntariness should be determined in view of the totality of the circumstances.

*Nickel*, 97 F.3d at 410 (citing *Haynes*, 373 U.S. at 513)).

Although the Court of Appeals did not address the merits of this claim on Defendant's

direct appeal, the district court held that Defendant's confession to be admissible at the hearing

addressing Defendant's motion to suppress his confession.  (Feb. 23, 2006 Mot. Hr'g Tr. at

163–64.)  More specifically, the district court held that before he was initially questioned by the

FBI, Defendant was advised of his Miranda rights, and expressly waived those rights by signing

a written waiver before his confession.  (*Id.* at 163.)  The court also held that Defendant did not

demonstrate any fatigue or confusion at the time of his confession.  (*Id.*)  Moreover, the court

held that Defendant's second confession, which clarified the specifics of his prior confession, was primarily induced by Defendant himself, rather than by federal agents. (*Id.*) Finally, the court held that, based on the undisputed evidence, the federal authorities only made statements that Defendant's cooperation would be relayed on to the United States Attorney's office. (*Id.* at 163-64.) Altogether, the court held that nothing in the record suggested any overbearing of the will of the defendant through any form of coercion. (*Id.* at 164.)

Beyond a conclusory allegation that he was provided with an "ultimatum," Defendant has not otherwise suggested that he was promised anything in exchange for his confession. Instead, Defendant argues that he was made to "believe that he was in more trouble than he was" that they "would make it harder for him in the state with his parole." (Motion at 5.) Nonetheless, even these unsupported allegations fail to undermine or rebut the undisputed evidence that the interrogating officers only stated that they would pass information of Defendant's cooperation on to the United States Attorney's office. Moreover, the fact that Defendant's second confession would not have even occurred had he not initiated the discussions with the arresting agents, further discredits any claim that Defendant's confession was not voluntary, and was the result of coercive police action. Altogether, in light of the totality of the circumstances, the court finds Defendant's second claim that his confession was involuntary and the result of coercive police action, to be inherently incredible and otherwise based on conclusions, rather than statements of fact. Accordingly, the court finds that Defendant's second claim is properly denied.

### B.     Third Claim– Ineffective Assistance of Counsel

Defendant's third claim alleges that his trial counsel was ineffective because "he did not effectively challenge the voluntariness" of Defendant's confession, and because he advised

Defendant not to testify at the Suppression hearing.  (Motion at 6.)  To establish ineffectiveness

of counsel, Defendant must show (1) that his counsel's actions fell below an objective standard

of reasonableness, and (2) that the attorney's conduct prejudiced the proceedings such that, but

for counsel's errors, the outcome of the proceedings would have been different.  *Strickland v.*

*Washington*, 466 U.S. 668, 687 (1984).  "Counsel is strongly presumed to have rendered

adequate assistance and made all significant decisions in the exercise of reasonable professional

judgment."  *Id.* at 690.  For counsel's performance to be constitutionally ineffective, "it must

have been completely unreasonable, not merely wrong."  *Boyd v. Ward*, 179 F.3d 904, 914 (10th

Cir. 1999).  It is the defendant's burden to overcome the presumption that counsel's assistance

was sound strategy under the circumstances.  *Id.*  "Tactical decisions, whether wise or unwise,

successful or unsuccessful, cannot ordinarily form the basis of a claim of ineffective assistance."

*Hatch v. Oklahoma,* 58 F.3d 1447, 1459 (10th Cir.1995).  Deference to an attorney's strategic

trial decision will stand unless the decision itself was objectively unreasonable.  *Bullock v.*

*Carver,* 297 F.3d 1036, 1047 (10th Cir. 2002).  Finally, conclusory allegations without

supporting factual averments are insufficient to support a claim of ineffective assistance of

counsel.  *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir.1994).

Insofar as Defendant alleges that his trial counsel failed to "thoroughly" cross-examine

the testifying federal agent at the suppression hearing, Defendant makes only conclusory

allegations that counsel's cross-examination was inadequate, and does not point to any specific

error or omission by counsel, much less one that this court could find to be objectively

unreasonable.  Similarly, turning to Defendant's claim that counsel was ineffective for advising

Defendant not to testify at the motion hearing, Defendant does not aver as to what Defendant's

testimony would have uncovered and, thus, has failed to alleged any factual support as to why

not calling Defendant to testify was objectively unreasonable.  Moreover, there are innumerable

tactical reasons as to why counsel would discourage a defendant from testifying as to the

voluntariness of his confession.  Therefore, because Defendant's third claim is based on

conclusions rather than factual averments, and otherwise questions a tactical decision made by

counsel, the court finds that Defendant's trial counsel's decision not to call Defendant to testify

at the motion hearing was not objectively unreasonable to the point of constituting ineffective

assistance of counsel.  Accordingly, Defendant's third claim for relief is properly denied.

WHEREFORE, for the foregoing reasons, I respectfully

**RECOMMEND** that the habeas corpus application be DENIED and the action be

DISMISSED WITH PREJUDICE.

### ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and

file written objections to the Magistrate Judge's proposed findings and recommendations with

the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1);

Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that

does not put the District Court on notice of the basis for the objection will not preserve the

objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and

recommendation must be both timely and specific to preserve an issue for de novo review by the

district court or for appellate review."  *United States v. One Parcel of Real Property Known As

2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make

timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, Petitioners waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 31st day of August, 2009.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge