**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Criminal Case No. 05-cr-00311-CMA
Civil Action No. 07-cv-02656-CMA

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

FREDERICK OLUWOLE SOLARIN, JR.,

    Defendant-Movant.

---

**ORDER ADOPTING AND AFFIRMING AUGUST 31, 2009 RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

Petitioner, a *pro se* federal inmate, is challenging his conviction. The matter is before the Court on the Magistrate Judge's August 31, 2009 Recommendation (Doc. # 161) regarding Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Motion") (Doc. # 128) and Petitioner's Request for Consideration. (Doc. # 168.)

On December 31, 2008, Petitioner filed an objection to the Magistrate Judge's Recommendation (Doc. # 167). In light of the objection, the Court has conducted the requisite *de novo* review of the issues, the recommendations and Petitioner's objections.

## I.  BACKGROUND

The facts are set out at length in the Magistrate Judge's Recommendation, which the Court incorporates herein.  A short recap follows.

On June 27, 2005, several men disguised in hats and bandannas robbed a U.S. Bank in Aurora, Colorado, at gun point, taking $26,000 in cash.  On June 30, 2005, Petitioner, Frederick Solarin, was arrested by Colorado authorities for violating his parole.  On July 1, 2005, while in state custody, Petitioner was questioned by federal agents, during which he confessed to the bank robbery.  The federal agents obtained a complaint for Petitioner's arrest and, on July 5, 2005, Petitioner was taken into federal custody.  He was indicted on July 11, 2005, on one count of Armed Bank Robbery and Aiding and Abetting under 18 U.S.C. § 2113, and one count of Using or Carrying a Firearm During and in Relation to a Crime of Violence and Aiding and Abetting under 18 U.S.C. § 924.  After a three-day jury trial, Petitioner was found guilty on both counts.  He was sentenced to 244 months in prison.

Petitioner appealed his conviction to the Tenth Circuit Court of Appeals, which affirmed his conviction.  Petitioner filed his present Motion to Vacate on December 12, 2007, claiming that: (1) he was arrested without a warrant or probable cause in violation of the Fourth Amendment, (2) his conviction was obtained by the use of an involuntary confession, and (3) his trial counsel rendered ineffective assistance by not effectively challenging the voluntariness of his confession.

In her Recommendation, the Magistrate Judge decided issues No. 2 and No. 3 on the merits but ruled that issue No. 1 – Petitioner's claim of illegal arrest – was procedurally barred because Petitioner failed to raise it on direct appeal. Petitioner argued, however, that he failed to raise it on direct appeal because his appellate counsel rendered ineffective assistance. The Magistrate Judge treated this as a supplemental claim of "ineffective assistance of counsel" against Petitioner's appellate counsel (in addition to the one against his trial counsel). The Magistrate recommended that Petitioner's Motion to Vacate be denied and the action be dismissed with prejudice.

## II. STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R.Civ. P. 72(b)(3). An objection is properly made if filed within 10 days of the Magistrate Judge's recommendation and specific enough to enable "the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir.1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

Petitioner is proceeding *pro se* and is, thus, entitled to liberal construction of his pleadings. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In other words, if the Court can reasonably read the

pleadings to state a valid claim on which the Petitioner could prevail, it should do so despite the Petitioner's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. *Hall*, 935 F.2d at 1110. However, the requirement that the Court read the Petitioner's pleadings broadly does not relieve the Petitioner of the burden of alleging sufficient facts on which a recognized legal claim could be based. *Id.*

Section 2255 of Title 28 of the United States Code applies to requests seeking to vacate, set aside, or correct a federal sentence. A section 2255 petition "attacks the legality of detention . . . and must be filed in the district that imposed the sentence." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Id.* (citing *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965)). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Id.*

Other than claims for ineffective assistance of counsel, petitioners may not raise issues that have been considered and disposed of on direct appeal in a motion to vacate pursuant to section 2255. *United States v. Warner*, 23 F.3d 287, 291 (10th Cir.1994). *See also Massaro v. United States*, 538 U.S. 500, 509 (2003) (holding "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255); *United*

States v. Prichard, 875 F.2d 789, 791 (10th Cir. 1989) (absent intervening change in the law of the circuit, issues disposed of on direct appeal generally will not be considered in a § 2255 collateral attack).

### III.  ANALYSIS

Petitioner raised three claims in his Motion:  (1) he was arrested without a warrant or probable cause in violation of the Fourth Amendment, (2) his conviction was obtained by the use of an involuntary confession, and (3) his trial counsel rendered ineffective assistance by not effectively challenging the voluntariness of his confession.

**A.   THE ARREST – WAS PETITIONER ARRESTED WITHOUT WARRANT OR PROBABLE CAUSE?**

Petitioner failed to raise the arrest issue on his direct appeal to the Tenth Circuit. Absent cause, this claim would, therefore, be procedurally defaulted.  Petitioner argued two grounds for cause: (1) the evidence in support of the claim was not discovered until after the direct appeal; (2) that appellate counsel rendered ineffective assistance of counsel by failing to raise the issue on direct appeal.

As to Petitioner's first argument, the Magistrate Judge found that Petitioner failed to muster any factual support explaining why probative evidence of the allegedly illegal arrest developed only after his direct appeal.

As to Petitioner's second argument, the Magistrate Judge concluded that Petitioner's appellate counsel did err in advising Petitioner that a § 2255 motion, rather than a direct appeal, was the proper means by which to contest the validity of Petitioner's arrest.  However, "[w]hen a defendant alleges his appellate counsel

rendered ineffective assistance by failing to raise an issue on appeal, [the court] examine[s] the merits of the omitted issue." *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995). "If the omitted issue is without merit, counsel's failure to raise it does not constitute constitutionally ineffective assistance of counsel." *Id.* (citation and quotation marks omitted.)

Accordingly, the Magistrate Judge examined the merits of the omitted issue to determine whether appellate counsel's failure to raise it was tantamount to ineffective assistance of counsel. The omitted issue was whether the state authorities, as Petitioner puts it, "were acting as mere puppets or hand maidens" of the federal authorities and, thus, when state authorities arrested Petitioner on June 30, 2005, they were actually effecting a federal arrest without probable cause. Unfortunately, Petitioner failed to support his "hand maiden" theory with any legal authority. The Magistrate Judge thus determined that, with respect to his illegal arrest claim, Petitioner failed to show a likelihood of success on the merit and, therefore, failed to satisfy his burden of rebutting the strong presumption that his appellate and trial counsel's strategy was sound under the circumstances. Because the Petitioner failed to demonstrate cause for his failure to challenge his arrest on direct appeal, the Magistrate Judge concluded that Petitioner's first claim was procedurally defaulted.

Petitioner's objections to this Recommendation are lengthy, but without merit, and are essentially reiterations of the arguments raised in his original Motion, all of which the Magistrate Judge discussed in detail in her Recommendation. Petitioner

begins by disputing the truthfulness of FBI Agent Grusing's testimony both before the Grand Jury and at trial.  In particular, Petitioner alleges that Agent Grusing lied under oath and that doing so undermines his credibility.  One certainly follows the other; however, credibility determinations are distinctly the province of the fact finder and this Court will not disturb them absent clear error, a standard not met by Petitioner here. *See United States v. Barron-Cabrera*, 119 F.3d 1454, 1457 (10th Cir. 1997).

With respect to the Petitioner's "hand-maiden argument," citing to *United States v. Chadwick*, 415 F.2d 167 (10th Cir. 1969), the Magistrate Judge correctly acknowledged that, under limited circumstances, an improper working relationship between state and federal authorities may require that federal authorities bring a defendant before a United States Magistrate Judge for arraignment pursuant to Fed. R. Crim. P. 5(a).  However, the Magistrate Judge correctly noted that no court has ever extended *Chadwick* to require that federal authorities must show independent probable cause for an initial state arrest because of an improper working arrangement between state and federal authorities.  In addition, this Court notes that in *Chadwick* the Tenth Circuit indicated that "active cooperation between state and federal authorities in the enforcement of criminal laws . . . should be encouraged" and "that courts have been careful not to unduly interfere with cooperative activities of state and federal law enforcement officers."  *Id.* At 171.  Petitioner made no effort to address the *Chadwick* case or to demonstrate how the facts of his case would require the outcome he asserts.  Petitioner instead resorts to conclusory allegations such as "this warrantless arrest . . ."

and "[t]he FBI knew they didn't have probable cause to arrest . . . ." Petitioner supports this latter statement by pointing to the trial testimony of Agent Grusing, in which Agent Grusing states that he had no evidence to arrest Petitioner. However, Agent Grusing's very next words highlight the evidence the FBI *did* have to support Petitioner's arrest: the money from the bank that the FBI believed was the same money Petitioner spent at the cell phone kiosk, the gun that matched descriptions of the gun used in the robbery, and the cap that matched the description of the cap allegedly worn during the robbery.

Moreover, Agent Grusing testified during a motions hearing on February 23, 2006, regarding the information the FBI had – independent of the two confessions – to establish probable cause to arrest Petitioner. First, a statement given to the FBI on June 27, 2005, the day after the robbery, by Mr. Dennis Wagner, the owner of a Spring PCS kiosk in the Aurora Mall. Based on news reports of the robbery, Mr. Wagner suspected two of his customers – who fit the description of the robbers and who were displaying a large amount of cash – were involved in the bank robbery. One of them – who produced identification indicating that he was Frederick Solarin – bought a cell phone from Mr. Wagner.

Second, after interviewing Mr. Wagner, Agent Grusing investigated Petitioner and learned Petitioner was on parole. He learned from Petitioner's parole office that per Petitioner's ankle monitoring, Petitioner had left his house before the robbery and returned after the robbery. He also learned that Petitioner was on parole for armed robbery.

Third, on June 30, 2005, Agent Grusing received information from a confidential source – an associate of Petitioner – who told Agent Grusing that Petitioner had been involved in the robbery and indicated that the gun used in the bank robbery could be found at Petitioner's mother's house.  That same day the FBI searched Petitioner's mother's house, pursuant to her consent, and found a loaded revolver that matched the description given by witnesses to the robbery.

All of this happened before Petitioner's two confessions – which occurred on July 1 and July 5, 2005 – and provided an independent basis to arrest Petitioner.  Moreover, the trial judge found that Petitioner was advised of his rights multiple times and Petitioner voluntarily waived his Miranda rights.

Aside from contesting the veracity of Agent Crusing's trial testimony and contemplating various conspiracies at work ("the state was in the shadows awaiting a conviction"), Petitioner renews his argument that his appellate counsel was ineffective because he failed to raise this issue on direct appeal.  As the Magistrate Judge discussed, however, Petitioner failed to demonstrate any likelihood of success on his "hand maiden" theory of illegal arrest.  Moreover, Petitioner made no effort to address the issue of likelihood of success on the merits in his Objections.  The Court, therefore, finds the Magistrate Judge's Recommendation sound and affirms the Magistrate Judge's finding that the Defendant's first claim is procedurally defaulted and should be dismissed.

**B.     THE CONFESSION – WAS PETITIONER'S CONFESSION INVOLUNTARY?**

Petitioner's second claim alleges that his conviction was obtained by use of an involuntary confession following an illegal arrest.  Petitioner argues his confession was involuntary because he was held "in custody 9 hours incommunicado," and that federal agents' questions "forced [Petitioner] to believe he was in more trouble than he actually was" and that "if he didn't cooperate with the government they would make it harder for him in the state with his parole."  (Doc. # 128 at 5.)

This claim overlaps with Petitioner's first claim, which both the Magistrate Judge and this Court have found to be procedurally barred.  The Magistrate Judge, liberally construing Petitioner's Motion, interpreted Petitioner's claim as alleging a violation of his Fed. R.Crim. P. 5(a) rights because of an improper relationship between state and federal authorities.[1]  The Magistrate Judge correctly noted that Petitioner failed to meet his burden to show that the state custody was designed to circumvent Rule 5(a).  *United States v. Chadwick*, 415 F.2d 167 (10th Cir. 1969).  The Court agrees that Petitioner failed to meet this burden in his Motion and nothing in his Objections changes this outcome.

In connection with his Rule 5(a) contention, Petitioner argues that 18 U.S.C. § 3501(c) was violated because "it was approximately 10 hours after the illegal arrest

---

[1] Rule 5(a) states in part that "[a] person making an arrest within the United States must take the defendant without unnecessary delay before a magistrate judge . . ."  Fed. R.Crim. P. 5(a).

that the confession was given."[2] The statute provides a time limit within which a defendant must appear before a magistrate judge. If that does not happen, then the defendant's confession *may* be deemed inadmissible. This construction follows from the statute's wording: "a confession . . . shall not be inadmissible solely because of delay in bringing such person before a magistrate judge . . . **if,**" and then lists several conditions that must be met to alleviate the problems inherent in delaying a defendant's appearance before a magistrate judge. If those conditions [including the six-hour rule] are not met, however, nothing in the statute compels that the Court **must** find the confession inadmissible. Indeed, the Court has reviewed the record and considered both the trial judge's reasoning – who found that "the statements were not obtained in an unconstitutional manner" – and that of Magistrate Judge. Finding both to be sound, the Court affirms the Magistrate Judge's Recommendation regarding the confession issue.

---

[2] 18 U.S.C. 3501 (c) states that, "In any criminal prosecution by the [U.S.] . . . a confession made or given by a person who is a defendant therein, while such person was under arrest . . .shall not be inadmissible solely because of delay in bringing such person before a magistrate judge . . . if such confession is found by the trial judge to have been made voluntarily and if the weight to be given the confession is left to the jury and if such confession was made or given by such person within six hours immediately following his arrest or other detention: *Provided*, That the time limitation contained in this subsection shall not apply in any case in which the delay in bringing such person before such magistrate judge or other officer beyond such six-hour period is found by the trial judge to be reasonable considering the means of transportation and the distance to be traveled to the nearest available such magistrate judge or other officer."

**C.     THE TRIAL – DID PETITIONER SUFFER INEFFECTIVE ASSICTANCE OF COUNSEL AT TRIAL?**

Petitioner's third contention was that he suffered ineffective assistance of counsel at trial.  To support a claim of ineffective assistance of counsel, Petitioner must show that (1) counsel's performance fell below an objective standard of reasonableness; and (2) such deficient performance prejudiced Petitioner.  *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  "A demonstration of prejudice requires a showing of a reasonable probability that, but for counsel's deficient performance, defendant would have received a different sentence."  *Hollis*, 552 F.3d at 1194 (citing *Strickland*, 466 U.S. at 694).

The Magistrate Judge found that Petitioner's argument amounted to "conclusory allegations that counsel's cross-examination [of the testifying federal agent at the suppression hearing] was inadequate."  As such, and given that Petitioner did not point to any specific error or omission by counsel, the Magistrate Judge found that trial counsel's representation was not objectively unreasonable.  The Magistrate Judge applied the same reasoning to Petitioner's contention that his trial counsel was unconstitutionally ineffective in advising Petitioner to not testify at the motion hearing.

Petitioner's Objection is similarly cursory and confusing.  In his one paragraph Objection to Claim Three, Petitioner requests that the Court "apply all counsel-related issues in Claim One to Claim Three, and the two standards that the movant has to satisfy, according to the Court, be satisfied with Claim One arguments and relief granted."

Claims One and Three are substantively different and the Court will not reconcile the two for Petitioner's benefit. Claim One's contention related to appellate counsel's assistance, not that of his trial counsel. Moreover, objections to the Magistrate Judge's Recommendation must be specific to preserve *de novo* review. Here, given Petitioner's general objection to the Claim Three issue and given the Magistrate Judge's well-reasoned Recommendation, the Court affirms the Magistrate Judge's Recommendation.

## IV.  CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendant's Request for Consideration (Doc. # 168) is GRANTED.

IT IS FURTHER ORDERED that the August 31, 2009 Recommendation of United States Magistrate Judge (Doc. # 161) is ACCEPTED and, for the reasons cited therein, Defendant's Motion Pursuant to 28 U.S.C. § 2255, filed December 20, 2007 (Doc. # 128), is DENIED, and this civil action is hereby DISMISSED WITH PREJUDICE.

DATED:  November   3  , 2009

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge