**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Criminal Case No. 05-cr-00311-CMA
Civil Action No. 07-cv-02656-CMA

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

FREDERICK OLUWOLE SOLARIN, JR.,

    Defendant-Movant.

---

**ORDER GRANTING MOTION TO RECONSIDER AND DENYING
MOTION FOR RELIEF FROM JUDGMENT AND REQUEST FOR JUDICIAL NOTICE
FOR LACK OF JURISDICTION**

---

This matter is before the Court on Defendant Solarin's Motion for Reconsideration, (Doc. # 187).  He moves the Court to reconsider its order denying two of his motions for lack of jurisdiction.  (*See* Doc. ## 184, 185, 186.)  The Court has reconsidered its order and, for the following reasons, again denies his motions for lack of jurisdiction.

**I.  BACKGROUND**

On December 20, 2007, Defendant filed a motion pursuant to 28 U.S.C. § 2255 raising three claims:  (1) he was arrested without a warrant or probable cause in violation of the Fourth Amendment, (2) his conviction was obtained by the use of an involuntary confession, and (3) his trial counsel rendered ineffective assistance by not effectively challenging the voluntariness of his confession.  He also contended that

his claims were not procedurally barred by his failure to raise them on direct appeal, because that failure was the result of ineffective assistance of his appellate counsel.

On November 3, 2009, the Court dismissed Defendant's claims with prejudice. It also denied him a Certificate of Appealability ("COA").

On December 28, 2009, Defendant Solarin filed a Notice of Appeal. The Tenth Circuit Court of Appeals treated his Notice as a request for a COA and, on June 22, 2010, denied him a COA and dismissed his appeal.

Defendant then filed the two at-issue motions: a motion for relief from judgment and a request for judicial notice. (Doc. ## 184, 185.) The Court denied these motions for lack of jurisdiction. (Doc. # 186.) Defendant filed a motion to reconsider. (Doc. # 187.) The Court now grants that motion and reconsiders whether it has jurisdiction to decide Defendant Solarin's motion for relief from judgment and request for judicial notice. *United States ex rel. Grynberg v. Praxair, Inc.*, 389 F.3d 1038, 1056 (10th Cir. 2004) ("A court, . . . always has jurisdiction to consider its own jurisdiction.").

## II. STANDARD OF REVIEW

The Court must construe liberally Defendant Solarin's filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

### III. ANALYSIS

The first of Defendant Solarin's at-issue motions was expressly filed under Rule 60(b). The second was not. However, given the posture, the Court construes it as a Rule 60(b) motion as well.

When faced with a Rule 60(b) motion filed in response to the denial of a § 2255 motion, the Court must first determine whether the motion should be treated as a second or successive § 2255 motion or whether it should be treated as a "true" 60(b) motion. *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). A Rule 60(b) motion is a second or successive § 2255 motion if it "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas*, 464 F.3d at 1215 (citing *Gonzales v. Crosby*, 545 U.S. 524 (2005)). "[I]t is a 'true' 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Spitznas*, 464 F.3d at 1215-16 (citations omitted).

Defendant's motions are not "true" Rule 60(b) motions. They are successive motions for § 2255 relief. In his first motion, he asserts, among other things, that the order denying his 2255 motion should be set aside because he "supplied sufficient cause as to why his arrest-related issues were not raised on appeal." (Doc. # 184 at 2.) This references his § 2255 claim that he did not raise arguments on appeal because he

suffered ineffective assistance of appellate counsel. This issue was addressed in the Court's Order dismissing this case. (Doc. # 169 at 5-9.) It was also addressed by Tenth Circuit when it denied him a COA and dismissed his appeal. (Doc. # 183 at 4.) Because this motion reasserts a claim presented in his § 2255 motion, the Court considers it not a "true" Rule 60(b) motion but, rather, a successive § 2255 motion. *See United States v. Marizcales-Delgadillo*, 243 Fed. App'x 435, 437-38 (10th Cir. 2007) ("a 'true' Rule 60(b) motion is one that 'attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.'")(quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)).

In his second motion, Defendant moves the Court to take judicial notice of various facts connected to his § 2255 motion. (*See* Doc. # 185.) The asserted facts describe circumstances related to his arrest, including transcripts of various state-court proceedings. These relate to another of Solarin's § 2255 claims – that Defendant was arrested without a warrant or probable cause in violation of the Fourth Amendment. Thus, the Court considers this motion, as with the first, to be, in essence, a motion seeking § 2255 relief.

A second or successive § 2255 motion cannot be filed in a district court without approval by a panel of the appropriate appellate court, in this case, the Tenth Circuit Court of Appeals. *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006). Defendant Solarin has not sought such approval from the Tenth Circuit. Without that

approval, the Court lacks subject matter jurisdiction.  *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008)

In the absence of jurisdiction, the Court has two options – either deny the motions for lack or jurisdiction or transfer them to the Tenth Circuit under 28 U.S.C. § 1631.  *In re Cline*, 531 F.3d at 1252; *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997) (per curiam) (approving transfer procedure under 28 U.S.C. § 1631 for second or successive § 2255 motions).  The Court must transfer the motions "if it is in the interest of justice." 28 U.S.C. § 1631.  The factors to be

> considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*In re Cline*, 531 F.3d at 1251.

The issues raised in Defendant's motions have been fully litigated.  This Court and the Tenth Circuit concluded they have no merit.  Accordingly, the Court concludes that transferring these motions to the Tenth Circuit is not in the interest of justice.  *Id.* at 1252 ("Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to [the Tenth Circuit] for authorization.")

### IV.  CONCLUSION

The Court GRANTS Defendant Solarin's motion to reconsider (Doc. # 187).  Upon reconsideration, the Court concludes, as it did before, that it does not have

jurisdiction over Defendant's motion for relief from judgment and a request for judicial notice. (Doc. ## 184, 185.) Accordingly, those motions are DISMISSED FOR LACK OF JURISDICTION.

DATED:  January  06 , 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge