IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Action No. 05-cr-00311-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FREDERICK OLUWOLE SOLARIN,

    Defendant.

## ORDER GRANTING MOTION FOR RECONSIDERATION AND MOTION TO WITHDRAW AS COUNSEL

This matter is before the Court on the Office of the Federal Public Defender's Motion for Order on Motion to Reconsider (Doc. # 249) and Motion for Reconsideration of Motion [to] Withdraw as Counsel (Doc. # 240), wherein the Federal Public Defender moves this Court to reconsider its June 15, 2018 Order Denying Motion to Withdraw as Counsel ("June 15, 2018 Order").[1] For the reasons that follow, the Court grants the instant motions and grants the Federal Public Defender's Motion to Withdraw as Counsel (Doc. # 238).

The Federal Public Defender's Motion for Reconsideration of Motion to Withdraw

---

[1] In its June 15, 2018 Order, the Court denied the Federal Public Defender's Motion to Withdraw on the grounds that defense counsel must withdraw Mr. Solarin's Motion to Vacate Sentence, as opposed to withdraw as counsel, if Counsel determined there was no legal basis for said motion under *Johnson v. United States*, 135 S. Ct. 2551 (2015). (Doc. # 239.)

as Counsel (Doc. # 240) has convinced the Court that reconsideration of its June 15, 2018 Order is warranted because the Court "misapprehended the facts, a party's position, or the controlling law." *See Servants of the Paraclete*, 204 F.3d 1005, 1012 (10th Cir. 2000). Specifically, the Court is persuaded that any decision to withdraw Mr. Solarin's Motion to Vacate Sentence can only be made by Mr. Solarin himself. *See* C.R.C.P. 1.2(a). Further, the Court is persuaded that the Federal Public Defender's obligation to correct the record with contrary legal authority, *see* C.R.C.P. 3.3, does not require her to withdraw Mr. Solarin's Motion; rather, the Federal Public Defender satisfied her obligation by disclosing case law adverse to Mr. Solarin's position. *See* (Doc. # 240 at 2) (citing (Doc. # 238 at ¶ 4)). Finally, any further representation of Mr. Solarin would exceed the scope of District Court General Order 2015-4, which appointed the Federal Public Defender to cases of this kind only "to determine whether th[e] defendant may qualify for federal habeas relief under either 28 U.S.C. § 2255 or 28 U.S.C. § 2241 in light of *Johnson v. United States*."[2]

For these reasons, the Court reconsiders its June 15, 2018 Order and concludes that the Federal Public Defender does not have an obligation to—and may not—withdraw Mr. Solarin's Motion to Vacate Sentence without his consent. *See United States v. Vyacheslav Volkov*, Case No. 13-cr-00349-CMA-1, Doc. # 193 (holding the same). Instead, withdrawing as counsel is the appropriate procedure for the Federal Public Defender.

---

[2] District Court General Order 2015-4: In re Motions for Armed Career Criminal or Career Offender Sentencing Reductions Under 28 U.S.C § 2255 (D. Colo. Nov. 13, 2015) (Krieger, C.J.).

Accordingly, it is ORDERED as follows:

- the Office of the Federal Public Defender's Motion for Order on Motion to Reconsider (Doc. # 249) and Motion for Reconsideration of Motion [to] Withdraw as Counsel (Doc. # 240) are hereby GRANTED;

- the Court VACATES its June 15, 2018 Order (Doc. # 239) and GRANTS the Federal Public Defender's Motion to Withdraw as Counsel (Doc. # 238);

- the Office of the Federal Public Defender and undersigned counsel Laura Suelau are permitted to withdraw as counsel for Mr. Solarin;

- the Clerk of the Court is DIRECTED to delete Attorney Suelau's email address from future ECF filings and electronic notifications in this case;

- all future filings in this matter shall be served to: Frederick Solarin, Reg. No. 33602-013, FCI Coleman Medium, Federal Correctional Institution, P.O. BOX 1032, Coleman, FL 33521.

DATED: May 4, 2020

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge