IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 16-cv-01615-CMA
(Criminal Action No. 05-cr-00311-CMA)

UNITED STATES OF AMERICA,

v.

FREDERICK OLUWOLE SOLARIN,

Defendant.

---

## ORDER DENYING MOTIONS

---

This matter is before the Court on several pending motions filed by Defendant primarily seeking relief under 28 U.S.C. § 2255. For the reasons that follow, the Court finds that Defendant is not entitled to relief.

## I.  BACKGROUND

Defendant was convicted by a jury of aiding and abetting armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d) and (2) as well as using or carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c) and (2). *See* (Doc. # 94). The predicate crime of violence for the § 924(c) conviction was aiding and abetting federal armed bank robbery. Defendant was sentenced to a total term of 244 months in prison, consisting of consecutive sentences of 160 months on count one and 84 months on count two. On direct appeal, Defendant challenged admission of evidence of a prior conviction and the sufficiency of the evidence. *See United States v.*

*Solarin*, 250 F. App'x 887 (10th Cir. 2007). The judgment of conviction was affirmed. *Id.*

On December 20, 2007, Defendant filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 asserting three claims: (1) he was arrested without a warrant or probable cause in violation of the Fourth Amendment; (2) his confession was involuntary; and (3) trial counsel was ineffective by not effectively challenging the voluntariness of the confession. (Doc. # 128.) On November 3, 2009, the Court denied the § 2255 motion. (Doc. # 169.) The United States Court of Appeals for the Tenth Circuit subsequently denied Defendant a certificate of appealability and dismissed his appeal from that order. *See United States v. Solarin*, 383 F. App'x 772 (10th Cir. 2010).

On November 5, 2010, Defendant filed a motion for relief from judgment and on November 15, 2010, he filed a request for judicial notice. (Doc. ## 184, 185.) On November 16, 2010, the Court denied both motions for lack of jurisdiction. (Doc. # 186.) On November 29, 2010, Defendant filed a motion to reconsider. (Doc. # 187.) In an order filed on January 6, 2011, the Court reconsidered the November 16 order, determined that the motions are second or successive § 2255 motions, and again dismissed the motions for lack of jurisdiction because Defendant had not obtained authorization from the Tenth Circuit to file a second or successive § 2255 motion. *See* (Doc. # 188). Defendant filed another appeal and the Tenth Circuit again denied Defendant a certificate of appealability and dismissed the appeal. *See United States v. Solarin*, 437 F. App'x 700 (10th Cir. 2011).

On February 13, 2012, Mr. Solarin filed a Rule 60(b) motion arguing that the Court failed to rule on a newly discovered evidence claim he raised in his § 2255 motion. *See* (Doc. # 206). On May 15, 2012, the Court entered an order denying the Rule 60(b) motion because, although the motion is a "true" 60(b) motion, the motion was utterly baseless. *See* (Doc. # 212). Defendant's appeal from that order met a familiar fate; the Tenth Circuit denied Defendant a certificate of appealability and dismissed the appeal. *See United States v. Solarin*, 485 F. App'x 341 (10th Cir. 2012).

On March 1, 2016, Defendant filed another Rule 60 motion asserting fraud on the Court and other extraordinary circumstances. *See* (Doc. # 222). That motion remains pending.

On June 24, 2016, an Assistant Federal Public Defender filed on Defendant's behalf a "28 U.S.C. § 2255 Motion to Vacate Sentence" (Doc. # 224) seeking relief under *Johnson v. United States*, 576 U.S. 591 (2015). The Supreme Court in *Johnson* held that the residual clause of the Armed Career Criminal Act is unconstitutionally vague. *Johnson*, 576 U.S. at 606. Pursuant to District Court General Order 2015-4, the Office of the Federal Public Defender was appointed to represent any indigent defendant "to determine whether th[e] defendant may qualify for federal habeas relief under either 28 U.S.C. § 2255 or 28 U.S.C. § 2241 in light of *Johnson v. United States*." Counsel for Defendant also filed a "Motion to Stay Proceedings" (Doc. # 225) asking the Court to stay proceedings while a motion was pending before the Tenth Circuit seeking authorization to file a second or successive § 2255 motion. The Court granted the

motion for a stay. (Doc. # 226.) The "28 U.S.C. § 2255 Motion to Vacate Sentence" (Doc. # 224) remains pending.

On December 5, 2019, the Tenth Circuit granted Defendant authorization to file a second or successive § 2255 motion challenging his § 924(c) conviction and sentence under *United States v. Davis*, 139 S. Ct. 2319 (2019). The Supreme Court in *Davis* held that the residual clause in 18 U.S.C. § 924(c) is unconstitutionally vague. *Davis*, 139 S. Ct. at 2323–24, 2336. Following the Tenth Circuit's authorization order, the Court lifted the stay and directed the Government to file a response to the pending § 2255 motion. *See* (Doc. # 250). On December 12, 2019, the Government filed "United States' Answer to Defendant's 28 U.S.C. § 2255 Motion" (Doc. # 251). On December 23, 2019, Defendant filed a *pro se* reply. (Doc. # 252.) Defendant also has filed *pro se* a "Declaration in Support of Motion to Vacate/Response" (Doc. # 255) and several other pending motions that relate to his requests for relief under § 2255: a "Motion to Supplement Defendant's Section 2255 and Response" (Doc. # 256); a "Composite Motion for Supplemental Declaration and Authorities in Support of Document 256" (Doc. # 258); and an "Emergency Motion for Summary Judgment" (Doc. # 259).

On May 4, 2020, the Office of the Federal Public Defender was allowed to withdraw as counsel for Defendant. (Doc. # 257.) Thus, Defendant is proceeding *pro se* with respect to the pending motions. The Court must construe Defendant's *pro se* filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *Hall*, 935 F.2d at 1110.

4

## II.    <u>ANALYSIS</u>

### A.    MARCH 2016 RULE 60 MOTION (DOC. # 222)

Defendant claims in his *pro se* March 2016 Rule 60 motion that he is seeking relief from the Court's November 3, 2009 order denying his original § 2255 motion under Rule 60(d)(1) and (3) of the Federal Rules of Civil Procedure due to fraud on the Court and other extraordinary circumstances. Defendant specifically contends the Government's response to the original § 2255 motion misled the Court regarding the veracity of his claims because, although the Government asserted there was no evidence to prove his claims, such evidence did exist. Defendant's argument appears to be that the Court had to have been deceived because it adopted the Magistrate Judge's Recommendation to reject claim one in the original § 2255 motion. With respect to extraordinary circumstances, Defendant merely asserts that appellate counsel was ineffective as set forth in claim three in the original § 2255 motion.

The Court construes the Rule 60 motion as seeking relief pursuant to Rule 60(b)(3) and (6). Although Defendant cites Rule 60(d)(1) and (3), those subsections do not authorize the relief he seeks. In fact, "[n]o such thing as a Rule 60(d)(1) motion actually exists." *McIntosh v. Pruitt*, 832 F. App'x 540, 542 n.1 (10th Cir. 2020). Instead, that subsection "simply states that Rule 60 itself does not 'limit a court's power to . . . entertain an independent action to relief a party from a judgment, order, or proceeding.'" *Id.* Similarly, Rule 60(d)(3) provides only that Rule 60 "does not limit a court's power to . . . set aside a judgment for fraud on the court." Fed. R. Crim. P. 60(d)(3).

When faced with a Rule 60(b) motion filed in response to the denial of a § 2255 motion, the Court must first determine whether the motion should be treated as a second or successive § 2255 motion or whether it should be treated as a "true" 60(b) motion. *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). Distinguishing between a true Rule 60(b) motion and a second or successive § 2255 motion turns on the "relief sought, not [the] pleading's title." *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006). A Rule 60(b) motion "is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas*, 464 F.3d at 1215. A Rule 60(b) motion is a true 60(b) motion if it either "challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application" or "challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Id.* at 1215–16.

Defendant's assertions of fraud and other extraordinary circumstances lead inextricably to a merits-based attack on the Court's order denying his initial § 2255 motion. Therefore, the March 2016 Rule 60 motion must be treated as a second or successive § 2255 motion.[1]

Pursuant to § 2255(h) and 28 U.S.C. § 2244(b)(3), Defendant must obtain an order from the Tenth Circuit authorizing this Court to consider a second or successive

---

[1] If the March 2016 Rule 60 motion was a true 60(b) motion, the motion would be untimely because it was not filed within either one year after the Court's order denying his original § 2255 motion or a reasonable time. *See* Fed. R. Civ. P. 60(c)(1).

2255 motion. *See In re Cline*, 531 F.3d 1249, 1250 (10th Cir. 2008) (per curiam). In the absence of such authorization, the district court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2255 motion. *See id.* at 1251.

Defendant does not allege that he has obtained the necessary authorization from the Tenth Circuit with respect to the claims he raises in the March 2016 Rule 60 motion. Therefore, the Court must either deny the motion for lack of jurisdiction or, if it is in the interest of justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *See id.* at 1252. The factors to be

> considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251. When "there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter." *Id.* at 1252. In order to present a meritorious second or successive claim, a federal prisoner must demonstrate the claim is based on either "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," 28 U.S.C. § 2255(h)(1), or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2255(h)(2).

Defendant fails to demonstrate that his claim in the March 2016 Rule 60 motion is based on newly discovered evidence pursuant to § 2255(h)(1) or a claim pursuant to a new and retroactive rule of constitutional law under § 2255(h)(2). Therefore, the Court finds that a transfer is not in the interest of justice. *See In re Cline*, 531 F.3d at 1252. Instead, the March 2016 Rule 60 motion will be dismissed for lack of jurisdiction.

**B.    JUNE 2016 § 2255 MOTION (DOC. # 224) AND EMERGENCY MOTION FOR SUMMARY JUDGMENT (DOC. # 259)**

As noted above, the Tenth Circuit has authorized Defendant to file a second or successive § 2255 motion to challenge his § 924(c) conviction under *Davis*, and the Supreme Court in *Davis* held that the residual clause in 18 U.S.C. § 924(c) is unconstitutionally vague. *Davis*, 139 S. Ct. at 2323–24, 2336. According to Defendant, he must have been convicted under the residual clause of § 924(c)(3)(B) because his predicate offense of aiding and abetting federal armed bank robbery is not a "crime of violence" under the elements clause of § 924(c)(3)(A). The elements clause defines "crime of violence" as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). The residual clause defines "crime of violence" as a felony offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). Defendant maintains that neither aiding and abetting nor armed bank robbery are crimes of violence under the elements clause.

8

The Government argues Defendant is not entitled to relief under *Davis* because his predicate offense of aiding and abetting federal armed bank robbery is a crime of violence under the elements clause of § 924(c)(3)(A). The Government cites *United States v. Dieter*, 890 F.3d 1203 (10th Cir. 2018), and *United States v. Melgar-Cabrera*, 892 F.3d 1053 (10th Cir. 2018), in support of its argument. In *Dieter*, the Tenth Circuit addressed "whether <u>aiding and abetting</u> (18 U.S.C. § 2) federal bank robbery (18 U.S.C. § 2113(a)) qualifies as a 'violent felony' under the elements clause of the Armed Career Criminal Act." *Dieter*, 890 F.3d at 1206. The Tenth Circuit concluded it does. *Id.* at 1210–16. In *Melgar-Cabrera*, the Tenth Circuit held that the elements clause in § 924(c) and the elements clause in the Armed Career Criminal Act are interpreted the same. *Melgar-Cabrera*, 892 F.3d at 1064.

Defendant relies on *Rosemond v. United States*, 572 U.S. 65 (2014), in an effort to avoid the conclusion that aiding and abetting federal armed bank robbery is a crime of violence under the elements clause of § 924(c)(3)(A). In *Rosemond*, the Supreme Court held that when a defendant is accused of aiding and abetting a violation of 18 U.S.C. § 924(c), "the Government makes its case by proving that the defendant actively participated in the underlying drug trafficking or violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission." *Id.* at 67. The Supreme Court also found the jury instructions in that case "were erroneous because they failed to require the defendant knew in advance that one of his cohorts would be armed." *Id.* According to Defendant in this action, he did not have advance

9

knowledge a firearm would be used or the details of any of the conduct elements because he is actually innocent. He also argues the jury instructions were flawed, "thus making it impossible for anyone to decide which crime with which elements the defendant here was convicted of." (Doc. # 252 at 9.) Defendant reasserts the same *Rosemond* argument in his "Emergency Motion for Summary Judgment" (Doc. # 259).

Defendant's reliance on *Rosemond* is misplaced. He did not raise an argument under *Rosemond* in the § 2255 motion filed in 2016 and, more importantly, the Tenth Circuit order authorizing Defendant to file a second or successive § 2255 motion to challenge his § 924(c) conviction under *Davis* does not include authorization to challenge the § 924(c) conviction under *Rosemond* or any other matters. *See* (Doc. # 248). Thus, Defendant's arguments regarding the sufficiency of the evidence with respect to his advance knowledge that a firearm would be used, the adequacy of the jury instructions, and newly discovered evidence of actual innocence are outside the scope of the authorization order. Because those arguments are outside the scope of the authorization order, the Court lacks jurisdiction to consider the arguments. *See In re Cline*, 531 F.3d at 1251.

With respect to Defendant's *Davis* claim, the Court agrees with the Government that Defendant is not entitled to relief. In considering the *Davis* claim, the Court must apply a categorical approach to determine whether a particular offense is a crime of violence. *See United States v. Serafin*, 562 F.3d 1105, 1107–08 (10th Cir. 2009). This categorical approach requires the Court to consider whether a prior conviction satisfies

the definition of a "crime of violence" by "looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." *Taylor v. United States*, 495 U.S. 575, 600 (1990). Applying a categorical approach, the Tenth Circuit in *Dieter* concluded aiding and abetting federal bank robbery is a "violent felony" under the Armed Career Criminal Act. *See Dieter*, 890 F.3d at 1211. Pursuant to *Melgar-Cabrera*, that conclusion also applies to the definition of a "crime of violence" under the elements clause of § 924(c)(3)(A). *Melgar-Cabrera*, 892 F.3d at 1064. The Court is bound by the Tenth Circuit's decisions in *Dieter* and *Melgar-Cabrera*. Thus, Defendant's offense of aiding and abetting federal armed bank robbery is a crime of violence under the elements clause of § 924(c). As a result, the "28 U.S.C. § 2255 Motion to Vacate Sentence" (Doc. #224) and the "Emergency Motion for Summary Judgment" (Doc. #259) must be denied.

## C.   OTHER PENDING MOTIONS

On May 1, 2020, Defendant filed a "Motion to Supplement Defendant's Section 2255 and Response" (Doc. # 256) seeking to raise a new claim challenging the computation of his sentence under the Sentencing Guidelines. On May 22, 2020, Defendant filed a "Composite Motion for Supplemental Declaration and Authorities in Support of Document 256" (Doc. # 258) that relates to the Sentencing Guidelines claim. For the same reasons discussed previously in this order, the Court lacks jurisdiction to consider the new and unauthorized Sentencing Guidelines claim. Therefore, the "Motion to Supplement Defendant's Section 2255 and Response" (Doc. # 256) and the

"Composite Motion for Supplemental Declaration and Authorities in Support of Document 256" (Doc. # 258) will be denied for lack of jurisdiction.

### D.    CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." This showing is made only when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The Court will not issue a certificate of appealability because Defendant has not made a substantial showing of the denial of a constitutional right.

### III.    CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

- Defendant's Rule 60 Motion (Doc. # 222) asserting fraud on the Court and other extraordinary circumstances is DENIED for lack of jurisdiction;

- the 28 U.S.C. § 2255 Motion to Vacate Sentence (Doc. # 224) and the Emergency Motion for Summary Judgment (Doc. # 259) are DENIED;

-  the Motion to Supplement Defendant's Section 2255 and Response (Doc. # 256) and the Composite Motion for Supplemental Declaration and Authorities

in Support of Document 256 (Doc. # 258) are DENIED for lack of jurisdiction;

- no certificate of appealability will issue because Defendant has not made a
  substantial showing of the denial of a constitutional right.

DATED:   February 12, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge