IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Action No. 05-cr-00311-CMA
Civil Action No. 16-cv-01615-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FREDERICK OLUWOLE SOLARIN,

    Defendant.

## ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER DENYING COMPASSIONATE RELEASE

This matter is before the Court on Defendant Frederick Oluwole Solarin's Motion for Reconsideration of Order Denying Compassionate Release or in the Alternative Motion for Relief ("Motion for Reconsideration"). (Doc. # 288.) For the following reasons, the Motion for Reconsideration is denied.

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. . . . It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

In his Motion, Mr. Solarin does not present new evidence previously unavailable or identify a need to correct clear error or prevent manifest injustice. Instead, he seeks reconsideration of this Court's January 28, 2021 Order Denying Motion for Compassionate Release ("January 28, 2021 Order") on the basis of a change in controlling case law—i.e., the Tenth Circuit's decision in *United States v. Maumau*, 993 F.3d 821 (10th Cir. 2021).[1]

Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), a district court may reduce a defendant's term of imprisonment on motion of either the director of the Bureau of Prisons or a defendant

> only if three requirements are met: (1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in § 3553(a), to the extent that they are applicable.

*United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021). In *Maumau*, the Tenth Circuit adopted a three-step test for evaluation of motions for compassionate release filed under § 3582(c)(1). As pertinent to the instant Motion for Reconsideration, step three "instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted

---

[1] To the extent Mr. Solarin rehashes arguments previously made in his Motion for Compassionate Release, or raises for the first time arguments he could have made in prior briefing, his Motion for Reconsideration is denied. *See Servants of Paraclete*, 204 F.3d at 1012 (explaining a motion for reconsideration "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.").

in whole or in part under the particular circumstances of the case." *Id.* at 831 (quoting *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)).[2]

The Tenth Circuit's decision in *Maumau* does not require reconsideration of the Court's January 28, 2021 Order. This Court denied Mr. Solarin's Motion for Compassionate Release, in relevant part, because the applicable Section 3553(a) factors weighed against release. It found as follows:

> Considering both the policy statement and the applicable 3553(a) factors, the Court finds that Mr. Solarin would pose a danger to public safety if released. Mr. Solarin's criminal convictions start at the age of 12, and include multiple crimes involving assault and weapons. He was on probation for an aggravated robbery conviction when he committed the underlying offense in this case. Mr. Solarin's conviction in this case was for a violent bank robbery in which Mr. Solarin brandished a revolver, which he pointed at several victims and with which he threatened to kill them. The Court notes that Mr. Solarin is considered by both the BOP and the Probation Office as being at high risk for recidivism. In addition, he has received two disciplinary incident reports in the past twelve months.

(Doc. # 281 at 4.) Therefore, because *Maumau* concerned the applicability of USSG § 1B1.13 to motions for compassionate release filed by defendants, and because this Court found that the Section 3553(a) factors independently warranted denial of Mr.

---

[2] The Tenth Circuit also held in *Maumau* and related cases that "the Sentencing Commission's existing policy statement is applicable only to motions for sentence reductions filed by the Director of the BOP, and not to motions filed directly by defendants." *United States v. McGee*, 992 F.3d 1035, 1050 (10th Cir. 2021). Therefore, "[b]ecause USSG § 1B1.13 is not presently a policy statement 'applicable' to § 3582(c)(1)(A) motions filed by prisoners, the district court has the authority to exercise its independent discretion to define the term 'extraordinary and compelling reasons.'" *United States v. Carr*, No. 20-1152, 2021 WL 1400705, at *4 (10th Cir. Apr. 14, 2021); *see also Maumau*, 993 F.3d at 832 (same). However, this Court found in its January 28, 2021 Order that Mr. Solarin had presented extraordinary and compelling reasons for a reduction in sentence. Therefore, this aspect of *Maumau* is not relevant to the instant Motion.

Solarin's Motion for Compassionate Release, the Court need not reconsider its January 28, 2021 Order.

Accordingly, it is ORDERED that Mr. Solarin's Motion for Reconsideration of Order Denying Compassionate Release or in the Alternative Motion for Relief (Doc. # 288) is DENIED.

DATED: July 12, 2021

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge